## Marshall, Appellant, v. DeHaven.

*Action—Cause of—Change of will.*

The statement averred that plaintiff was the sole heir of an uncle now deceased who had made a will in which the defendant was a large beneficiary ; that between the execution of the will and the testator's death, testator had " expressed a wish and desire to change his will in favor of his niece ; " that defendant induced another person to talk to and influence testator and induce him to permit the will to remain as it was, and that defendant had paid such person for his services the sum of $3,000. There

was no averment that any fraud, misrepresentation or any undue influence was used upon the testator, nor was there any averment that but for defendant the testator would have changed his will, or that if testator had done so what he would have given to plaintiff. *Held,* that a demurrer to the statement was properly sustained.

Argued Feb. 11, 1904. Appeal, No. 266, Jan. T., 1903, by plaintiff, from order of C. P. Chester Co., Oct. T., 1902, No. 13, sustaining demurrer to statement in case of Joseph N. Marshall and Hannah A. Marshall, His Wife, v. William De-Haven. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Demurrer to statement in trespass.

Plaintiff's statement was as follows :

The plaintiff is the sole heir at law (being his niece) of William McCorkle, late of East Fallowfield township, Chester county, deceased, who died August 17, 1895, having first made his last will, dated June 29, 1894, wherein and whereby the whole estate of said decedent was devised to strangers in blood, and the plaintiff was cut off (with the exception of a $5.00 legacy) from any share in an estate of $250,000. Between the time of the execution of said will in June, 1894, and his death, in 1895, William McCorkle expressed a wish and desire to change his will in favor of his niece. The defendant above named was a residuary legatee and any such change in said will would be a loss to him. Whereupon he induced George J. Faddis to talk to and influence William McCorkle and induce him to permit the will to remain as it was, for which conduct upon the part of Faddis he, the said William DeHaven, the said defendant, paid said Faddis $3,000. That said conduct on defendant's part was unknown to plaintiff within six years. Wherefore she has been damaged in the sum of $100,000 to recover which she brings this suit.

The court sustained the demurrer.

*Error assigned* was the judgment of the court.

*Charles H. Pennypacker*, for appellant.

*Alfred P. Reid*, for appellee.

PER CURIAM, May 16, 1904:

The learned judge below was quite correct in holding that the plaintiff's statement sets out no cause of action.

The fact that the plaintiff was heir or next of kin to the testator gave her no legal interest in his estate during his life, nor after his death, leaving a will disposing of his estate to others. What interest then does she aver? That between the making of his will and his death the testator "expressed a wish and desire to change his will in favor of" plaintiff. An unexecuted wish or desire to change his will gave plaintiff no more right nor legal interest than she had before. The wrongful act complained of is that defendant "was a residuary legatee and any such change in said will would be a loss to him. Whereupon he induced George J. Faddis to talk to and influence William McCorkle and induce him to permit the will to remain as it was, for which conduct upon the part of Faddis he, the said William DeHaven, the said defendant, paid said Faddis $3,000."

There is here no averment that Faddis was to, or did, use any fraud, misrepresentation or undue influence; that he was successful in preventing any change; that but for him the testator would have changed his will, or that if the testator had done so what he would have given to the plaintiff. It may have been very unhandsome conduct on the part of defendant, but the statement wholly fails to show any tort redressible at law.

Judgment affirmed.