

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# Arena v. McShane

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Arena v. McShane" (2005). *2005 Decisions*. Paper 407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3729

———————

PAULA ARENA; MICHAEL LUONGO,

Appellants

v.

J. PATRICK MCSHANE; THE LAW OFFICES OF FORKIN,
MCSHANE, MANOS & ROTZ, P.A.

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-07639)
District Judge: Honorable Juan R. Sanchez

———————

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2005

Before: ALITO, AMBRO, and LOURIE,* <u>Circuit Judges</u>

(Opinion filed October 14, 2005)

———————

OPINION

———————

———————

    * Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

AMBRO, Circuit Judge

Appellants Paula Arena and Michael Luongo claim that J. Patrick McShane, their father's lawyer, intentionally interfered with their inheritance. Appellants' intentional interference claim required them to show undue influence, which in turn required them to show their father's weakened intellect. Appellants already made an undue influence claim against their father's friend in the Superior Court of Pennsylvania, and this claim was dismissed on demurrer. Issue preclusion applies when an issue has been fully and fairly litigated in another court. Was the question of Appellants' father's weakened intellect fully and fairly litigated in the Superior Court's decision on demurrer? We answer yes and therefore affirm.

## I. Factual Background and Procedural History

Because we write solely for the parties, we set forth only those facts relevant to our decision. Most of these facts have been detailed in *Estate of Luongo*, 823 A.2d 942 (Pa. Super. Ct. 2003). Dr. Romeo Luongo divorced his wife in 1978 and became estranged from his ex-wife and their children until 1984, when meaningful family communication resumed. In a series of wills, he made no provision for his children, until 1995, when he left $10,000 to each of his children and grandchildren in another will. The balance of his estate he left to Jacqueline Fletchner, his long-time friend and companion. The 1995 will was drafted by McShane, of the Law Offices of Forkin, McShane, Manos & Rotz. After Dr. Luongo died in 1999, Fletchner probated the will, and Michael Luongo challenged the

2

will on the grounds of, among other charges, undue influence. Various Pennsylvania state courts denied Michael Luongo's challenge to the will, but Luongo and his sister, Paula Arena, brought this suit, charging McShane with intentionally interfering with their inheritance by not following Dr. Luongo's wishes in drafting the 1995 will.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment. *Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 806 n.3 (3d Cir. 2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir. 1993).

## III. Discussion

Appellants filed a claim against McShane alleging intentional interference with an inheritance, a tort under Pennsylvania law. The tort has four elements, of which only the second is at issue:[1] "The defendant used fraud, misrepresentation or undue influence to

---

[1] The other three elements are as follows: "(1) The testator indicated an intent to change his will to provide a described benefit for plaintiff[;] . . . (3) The defendant was successful in preventing the execution of a new will; and (4) But for the Defendant's

prevent execution of the intended will." *Cardenas v. Schober*, 783 A.2d 317, 326 (Pa. Super. Ct. 2001) (citing *Marshall v. De Haven*, 58 A. 141, 142 (Pa. 1904)). Appellants did not sufficiently show fraud or misrepresentation, so they must show undue influence. To do so, Appellants must prove, by clear and convincing evidence, that their father had a weakened intellect. *See Burns v. Kabboul*, 595 A.2d 1153, 1162–63 (Pa. Super. Ct. 1991). The District Court found that their attempt to prove weakened intellect was precluded by an earlier finding by the Superior Court of Pennsylvania.

There Michael Luongo made a claim of undue influence against Fletchner. Though Luongo asserted that his father's intellect was weakened, and that Fletchner exercised undue influence over him, the Superior Court found that Luongo failed in this effort. *Estate of Luongo*, 823 A.2d 942, 967 (Pa. Super. Ct. 2003).

Because McShane relies on the state court judgment to preclude the litigation of undue influence before us, we look to Pennsylvania and its law on collateral estoppel to determine the effect it would give the Superior Court's judgment. *Bailey v. Ness*, 733 F.2d 279, 281 (3d Cir. 1984). Two of the four prongs of Pennsylvania's collateral estoppel doctrine are applicable here: (1) "[a]n issue decided in a prior action is identical to one presented in a later action," and (2) "[t]he party against whom collateral estoppel is

---

conduct, the testator would have changed his will." *Cardenas v. Schober*, 783 A.2d 317, 326 (Pa. Super. Ct. 2001).

4

asserted had a full and fair opportunity to litigate the issue in the prior action."[2] *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998).

As for the first issue, though the two claims of undue influence were against two different people—Fletchner in the state courts and McShane in this proceeding—the elements are the same for both. And for both, proof of Dr. Luongo's weakened intellect is required for a *prima facie* case. It is his weakened intellect at the time he executed his will that is at issue, *Burns*, 595 A.2d at 1162, and both claims involve the same will. Thus, the issue presented before us is the same as the one decided by the Superior Court of Pennsylvania.

Second, we must determine whether Appellants had a "full and fair opportunity" to litigate the undue influence issue in the Superior Court. But "[f]ew Pennsylvania cases have analyzed the extent to which there was full litigation of matters that are disposed of prior to trial." *Huntley v. City of Johnstown*, No. CIV.A. 03-59J, 2004 WL 627157, at *8 (W.D. Pa. Mar. 12, 2004). Pennsylvania has, however, adopted section 27 of the Restatement (Second) of Judgments. *See Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985). Comment d to section 27 states that an issue can be actually litigated "*on a motion to dismiss for failure to state a claim*, a motion for judgment on the pleadings, a motion

---

[2] The other two prongs require that "[t]he prior action resulted in a final judgment on the merits[, and t]he party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action . . . ." *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998).

for summary judgment . . . , a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict." Restatement (Second) of Judgments § 27 cmt. d (1982) (emphasis added). The action in the Superior Court was "in the nature of a demurrer." *Luongo*, 823 A.2d at 968. A Pennsylvania demurrer is nearly identical to the federal 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g.*, *Huntley*, 2004 WL 627157, at *8 ("[C]omment d of § 27 clearly provides that a matter is actually litigated on motions to dismiss for failure to state a claim, which is in the nature of a demurrer in state court."); *Luongo*, 823 A.2d at 961 ("A demurrer is a preliminary objection that the pleading fails to set forth a cause of action upon which relief can be granted under any theory of law." (internal quotation marks omitted)); *Thomas v. Holtz*, 707 A.2d 569, 570 (Pa. Commw. Ct. 1998) (calling a 12(b)(6) motion "[s]imilar to a demurrer under Pennsylvania's rules").

In this context, Michael Luongo missed no meaningful opportunity in the Superior Court to litigate the issue of his father's weakened intellect. As the Superior Court noted, "Appellant was allowed to depose [Fletchner] and present a number of witnesses at the *caveat* hearing before the Register of Wills. Thus, [he] has had ample opportunity to develop and refine his claims before and after the Register of Wills' dismissal of the *caveat*." *Luongo*, 823 A.2d at 969. The Court also noted that Luongo "had an opportunity to amend his petition as of right, after the preliminary objections were filed[, but he] failed to seize that opportunity . . . ." *Id.* (internal citation omitted). Also, "when

6

the court asked [Luongo] for a proffer of additional evidence, [he] offered no other substantive facts to support his claims." *Id.*

## IV. Conclusion

Because Appellants had a full and fair opportunity to litigate the issue of their father's weakened intellect in the Superior Court of Pennsylvania and lost, collateral estoppel precludes their relitigation of that issue in our Court. When collateral estoppel is shown, any determination we would make on the merits would be without effect. We thus affirm the District Court's granting of summary judgment for McShane.