J-A03013-20

2020 PA Super 83

| E. O'REAN FIEDLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PATTI S. SPENCER | : | No. 859 MDA 2019 |

Appeal from the Order Entered May 21, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-10-00775

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY LAZARUS, J.:                    **FILED: APRIL 2, 2020**

E. O'Rean Fiedler appeals from the order, entered in the Court of Common Pleas of Lancaster County, granting the preliminary objections of Appellee, Patti S. Spencer ("Attorney Spencer"), and dismissing, with prejudice, Fiedler's third amended complaint.  Upon careful review, we affirm.

The trial court set forth the pertinent factual and procedural history of this matter as follows:

> [Fiedler's] third amended complaint alleges that following her father's death in 2004, [Fiedler] took her mother, Betty J. Fiedler ("Betty"), to [Attorney Spencer] to have a Will and general Power of Attorney prepared.  [Attorney] Spencer prepared the Will and Power of Attorney naming Betty's daughters, [] Fiedler and Latisha Bitts (["Bitts"]), as co-executrices and equal co-beneficiaries of her estate, and co-agents under her Power of Attorney.  Over the next two (2) years, as Betty's health deteriorated, the Power of Attorney was activated and [] Fiedler and [] Bitts began to manage Betty's financial affairs, as Betty had to move from her house to eventual placement in a skilled nursing unit.  With Betty's consent, [] Fiedler and [] Bitts sold Betty's house and personal property.  During 2006, Betty [] made gifts in

the form of checks to [] Fiedler, [] Bitts, and [] Bitts' son, Adam Buckius (["Buckius"]). Plaintiff alleges that [] Bitts and [] Spencer pressured Betty to make these *inter vivos* gifts.

In the Fall of 2006, Betty executed a new Will and Power of Attorney naming [] Bitts as sole executrix and agent, and [] Buckius as Successor Executor under the Will, which [] Fiedler learned through a letter from [Attorney] Spencer. [] Fiedler alleges that "the foregoing actions were the result of a scheme of [Spencer and Bitts] to remove [Fiedler] from any position of authority with respect to her mother's financial affairs so that Bitts could deplete Betty's estate prior to Betty's death and eviscerate Betty's testamentary intention to have her estate divided evenly between Plaintiff and Bitts." [Fiedler] alleges that over the next three (3) years until Betty's death in September 2009, gifts made on behalf of Betty and signed by [] Bitts included a $330,000.00 check to [] Buckius to buy a house and additional checks totaling $150,515.00, almost exclusively to [] Bitts, [] Buckius and his wife, and [] Bitts' stepson and his wife. In a companion case, the $330,000.00 gift to [] Buckius was later found by the Pennsylvania Superior Court to be unlawful under the language in Betty's Power of Attorney. [Fiedler] alleges that "[Attorney Spencer's] actions were fraudulent in that she advised Bitts that she could make the gift in furtherance of Bitt's [sic] scheme to deplete Betty's assets" and violate Betty's testamentary intent.

[] Fiedler initiated this action by filing a complaint on January 25, 2010, against [Attorney] Spencer, along with [] Bitts, [] Buckius, and [Buckius' wife,] Kimberly S. Buckius. [Attorney] Spencer filed preliminary objections to [] Fiedler's complaint, and [] Fiedler filed an amended complaint on April 9, 2010. [Attorney] Spencer filed preliminary objections to [] Fiedler's amended complaint, and [] Fiedler filed a second amended complaint on May 13, 2010. [Attorney] Spencer filed preliminary objections to the second amended complaint on June 3, 2010, and [] Fiedler filed her response and brief in opposition on June 16, 2010. The matter was stayed pending the full and final resolution of the related estate [] and Power of Attorney matter[s] before the Orphans' Court by order dated July 13, 2010. This court lifted the stay and discontinued [] Fiedler's action with prejudice as against [] Bitts, Adam Buckius, and Kimberly S. Buckius, by order dated September 13, 2018.

By order dated December 3, 2018, this court sustained [Attorney] Spencer's preliminary objections to [] Fiedler's second amended

complaint and granted [] Fiedler leave to amend her complaint. [] Fiedler filed a third amended complaint on December 17, 2018, to which [Attorney] Spencer filed preliminary objections on January 10, 2019. Because [] Fiedler's third amended complaint failed to add factual allegations to correct the legal insufficiencies for which the claims in her second amended complaint were dismissed and it was clear that the facts did not support her claims, this court dismissed [] Fiedler's claims with prejudice by order dated May 9, 2019. [] Fiedler filed a notice of appeal to the Superior Court of Pennsylvania on May 24, 2019, and filed her statement of errors on June 17, 2019.

Trial Court Opinion, 7/3/19, at 1-3.

On appeal, Fiedler raises the following claims for our review:[1]

1. Whether the [trial] court erred as a matter of law and abused its discretion in ruling that existing legal precedent prohibits the recognition of [] Fiedler's tortious interference with inheritance claim, or, alternatively, for not extending existing legal precedent to the facts of this case, assuming *arguendo*, existing precedent does not permit [] Fiedler's cause of action under the facts and inferences from those facts set forth in the pleadings?

2. Whether the [trial] court erred as a matter of law and abused its discretion in failing to find that for purposes of pleading [] Fiedler did not establish legal grounds to proceed on her civil conspiracy claim since the well-pleaded facts and reasonable inferences from those facts establish that Patti Spencer and Latisha Bitts maliciously combined with a common purpose to do overt, unlawful acts to deprive [] Fiedler of her rightfully expected inheritance?

3. Whether the [trial] court erred as a matter of law and abused its discretion in failing to find that for purposes of pleading [] Fiedler did not establish legal grounds to recover punitive damages since the well-pleaded facts and reasonable inferences from those facts establish that Patti Spencer acted willfully and

---

[1] Although Fiedler listed four claims in her statement of issues presented, her first claim merely combined and restated her other three claims. Accordingly, we have omitted that claim and will address only the remaining three specific issues.

maliciously, or, alternatively, so carelessly as to indicate wanton disregard of the rights of [] Fiedler?

Brief of Appellant, at 3-4.

We begin by noting our scope and standard of review of an order sustaining preliminary objections:

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Adams v. Hellings Builders, Inc.*, 146 A.3d 795, 798 (Pa. Super. 2016), quoting *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (internal citation omitted).

Fiedler's first issue involves the trial court's conclusion that her claim for tortious interference with an inheritance was insufficient as a matter of law. Fiedler alleges that, contrary to the court's finding, she "adequately pled facts and reasonable inferences drawn from the facts to establish her right to relief." Brief of Appellant, at 13. She further argues that the court's reliance on *Hollywood v. First Nat. Bank of Palmerton*, 859 A.2d 472 (Pa. Super.

- 4 -

2004), was improper, alleging that "until **Hollywood** there was no binding precedent involving extension of the interference with expected inheritance doctrine to those situations beyond demonstrable interference with the testamentary scheme enshrined in a decedent's will." Brief of Appellant, at 19. Fiedler suggests that: (1) because no court prior to **Hollywood** had addressed the doctrine in the context of *inter vivos* gifts, and (2) because the **Hollywood** court's decision was "specifically based on its fact-specific finding that there was 'no discussion of intentional conduct . . . related to fraud, duress or other tortious means intentionally prevent[ing] another from receiving from a third person an inheritance or gift," Brief of Appellant, at 20, "**Hollywood** and its progenitors can only be read [to mean] that Pennsylvania has not extended the doctrine where such intentional tortious conduct or undue influence has not been adequately pled." *Id.* Thus, Fiedler argues that this is a case of first impression and we are not bound by "any controlling precedent at all." *Id.* Fiedler urges us to extend the doctrine to matters involving *inter vivos* transfers alleged to diminish an eventual bequest as contemplated by section 774B of the Restatement of Torts (Second).

In response, Attorney Spencer argues that, contrary to Fiedler's assertions, the law in Pennsylvania is clear that a claim alleging intentional interference with inheritance "cannot be premised upon *inter vivos* transfers alleged to have diminished the plaintiff's eventual inheritance." Brief of Appellee, at 14. Rather, "to establish a cause of action, a plaintiff must demonstrate the decedent has sought to make changes in his will to the

plaintiff's benefit and was prevented from doing so." *Id.* Thus, Attorney Spencer argues, even if the allegations set forth in Fiedler's third amended complaint are accepted as true, they provide no basis for recovery. Further, Attorney Spencer argues that this Court is bound by precedent and that *Hollywood* was not "specifically based on its fact-specific finding," but simply applied established law. She asserts that any mention in that case of intentional conduct as it relates to section 744B of the Restatement is non-binding *dicta* and, even if it were not, Fiedler did not adequately allege any fraud or other intentional conduct on Attorney Spencer's part.

Our Supreme Court first recognized a cause of action for interference with expected inheritance in *Marshall v. DeHaven*, 58 A. 141 (Pa. 1904). The elements of the tort are as follows: (1) the testator indicated an intent to change her will to provide a described benefit to the plaintiff; (2) the defendant used fraud, misrepresentation, or undue influence to prevent execution of the intended will; (3) the defendant was successful in preventing the execution of a new will; and (4) but for the defendant's conduct, the testator would have changed her will. *Cardenas v. Schober*, 783 A.2d 317, 326 (Pa. Super. 2001), citing *Marshall*, *supra*.

Subsequently, the Restatement (Second) of Torts defined a cause of action for intentional interference with an inheritance or gift as follows:

> One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

- 6 -

Restatement of Torts (Second), § 774B. Although several states have adopted this cause of action,[2] Pennsylvania has not expanded the doctrine to include *inter vivos* transfers as contemplated by the Restatement. "Thus, our law requires that to establish ground[s] for recovery under this cause of action, a plaintiff must demonstrate the decedent had sought to make changes in [her] will to plaintiff's benefit, and that the defendant, through means of fraud, misrepresentation, or undue influence thwarted the decedent's intent." ***Hollywood***, 859 A.2d at 478.

In ***Hollywood***, this Court for the first time considered a claim for tortious interference with an inheritance in the context of *inter vivos* depletion of a decedent's estate. There, the decedent's daughter forged checks and made unauthorized withdrawals from the decedent's bank accounts during the decedent's lifetime. The plaintiff, a son of the decedent and the administrator of his estate, commenced suit against the banks from which those improper withdrawals had been made, alleging, *inter alia*, tortious interference with an inheritance. The banks filed preliminary objections in the form of a demurrer, which the trial court sustained.

---

[2] ***See, e.g.***, ***DeWitt v. Duce***, 408 S.2d 216 (Fla. 1981); ***Nemeth v. Banhalmi***, 425 N.E.2d 1187 (Ill. App. 1981); ***Minton v. Sackett***, 671 N.E.2d 160 (Ind. App.1996); ***Huffey v. Lea***, 491 N.W.2d 518 (Iowa 1992); ***Plimpton v. Gerrard***, 668 A.2d 882 (Me. 1995); ***Hammons v. Eisert***, 745 S.W.2d 253 (Mo. App. 1988); ***Doughty v. Morris***, 871 P.2d 380 (N.M. App. 1994); ***Firestone v. Galbreath***, 616 N.E.2d 202 (Ohio 1993); ***Harris v. Kritzik***, 480 N.W.2d 514 (Wis. App. 1992).

On appeal,Son did not argue that the trial court had erred; rather, he "suggest[ed] that various policy considerations counsel this Court to expand the definition of the tort in Pennsylvania to encompass instances of dissipation of a decedent's estate during life as provided in the Restatement (Second) of Torts." *Id.* at 476-77. We concluded that, "[g]iven the relatively narrow circumstances to which this cause of action may apply," the trial court properly granted the defendants' demurrers. *Id.* at 478.

We further noted that "even if we were to examine Son's allegations in light of the language of the Restatement, we would be compelled to reach the same conclusion, as Son offers no discussion of intentional conduct ascribed to the Banks that might satisfy the corresponding element under the Restatement." *Id.*

We agree with Attorney Spencer that, even assuming as true the well-pleaded facts of Fiedler's third amended complaint and reasonable inferences drawn therefrom, Fielder cannot sustain an action for intentional interference with an inheritance under Pennsylvania law. Fiedler does not allege that Betty expressed an intent to alter her will to benefit Fiedler,[3] or that Attorney Spencer prevented the execution of such a will. *See id.* Rather, at most, the facts pleaded by Fiedler establish that Attorney Spencer: (1) prepared a power of attorney for Betty naming Bitts as sole agent and (2) erroneously

_____

[3] The decedent did execute a new will on October 11, 2006. However, Fiedler's beneficial interest in that will remained the same as it was in decedent's prior will—she was entitled to one-half of the estate.

advised Bitts as to the propriety of certain *inter vivos* transfers that, when made by Bitts, resulted in a reduction in the value of Betty's probate estate. Accordingly, Fiedler is unable to satisfy the elements required to prove intentional interference with an inheritance under the law of this Commonwealth.

Moreover, we decline Fiedler's invitation to adopt the cause of action set forth in section 744B of the Restatement (Second) of Torts, as any such change in the law is beyond the mandate of this Court. "This Court is of course bound by existing precedent under the doctrine of *stare decisis*." **Eckman v. Erie Ins. Exch.**, 21 A.3d 1203, 1209 (Pa. Super. 2011), quoting **Dixon v. GEICO**, 1 A.3d 921, 925–26 (Pa. Super. 2010) (citation omitted); **see also Marks v. Nationwide Ins. Co.**, 762 A.2d 1098, 1101 (Pa. Super. 2000) (this Court continues to follow controlling precedent as long as decision has not been overturned by our Supreme Court). To the extent that *dicta* from our opinion in **Hollywood** could be read to suggest a willingness on the part of this Court to consider adopting the cause of action prescribed in the Restatement where intentional tortious conduct is alleged, **see id.** at 478, we are neither obligated nor inclined to do so here. **See Maloney v. Valley Med. Facilities, Inc.**, 984 A.2d 478, 490 (Pa. 2009), quoting **Northwestern Nat'l Ins. Co. v. Maggio**, 976 F.2d 320, 323 (7th Cir.1992) ("No court . . . is obliged to treat a dictum of another court (or, for that matter, its own dicta) as binding precedent."). In any event, Fiedler has not adequately alleged any fraud, duress, undue influence, or other tortious conduct on the part of

Attorney Spencer that could arguably bring this case within the ambit of the Restatement cause of action.

In light of the foregoing, the trial court properly sustained Attorney Spencer's preliminary objections and dismissed, with prejudice, Fiedler's claim for tortious interference with inheritance.

Next, Fiedler asserts that the trial court erred in dismissing her claim for civil conspiracy to interfere with an inheritance. Specifically, Fiedler alleges that Attorney Spencer acted in concert with Bitts "to actively with malice aforethought deprive [Fiedler] of her rightful and expected share of Betty's estate with respect to the . . . gifts held unlawful by the Pennsylvanian [sic] Superior Court[.]" Third Amended Complaint, 12/17/18, at ¶ 58. Fiedler is entitled to no relief.

> In order to state a civil action for conspiracy, a complaint must allege: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. Additionally, *absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act*. Proof of malice is an essential part of a cause of action for conspiracy. The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy.

*Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004) (citations and quotation marks omitted) (emphasis added).

Here, we have already determined that Fiedler failed to state a claim for tortious interference with an inheritance. Accordingly, she is unable to sustain

- 10 -

a cause of action for conspiracy to commit that act. *See id.* ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."). Therefore, we find that the trial court properly sustained Attorney Spencer's preliminary objections and dismissed, with prejudice, Fiedler's claim for civil conspiracy.

Finally, Fiedler asserts that the trial court erred in dismissing her claim for punitive damages because the facts alleged in the third amended complaint "show both outrageous conduct and reckless indifference to the rights of [] Fiedler committed by [Attorney] Spencer." Brief of Appellant, at 24. Fiedler is entitled to no relief.

"Punitive damages are awarded, in addition to a plaintiff's actual damages, to punish a defendant for outrageous acts and to deter him or others from engaging in similar conduct." *DiGregorio v. Keystone Health Plan E.*, 840 A.2d 361, 369 (Pa. Super. 2003). However, "[i]f no cause of action exists, then no independent action exists for a claim of punitive damage[s] since punitive damages is only an element of damages." *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989).

Here, Fiedler failed to plead a viable cause of action for either tortious interference with inheritance or civil conspiracy to commit that act. As one cannot recover punitive damages independent of an underlying cause of action, the trial court properly dismissed Fiedler's claim for punitive damages. *See id.*

Order affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/02/2020