J-A17021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TANYA TECCE AND ALESSANDRO J. TECCE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2116 EDA 2020 |
| JOSEPH TECCE JR., ROSEANNA GIANNONE, AND MATTHEW FERRAGAME | : | |

Appeal from the Order Entered October 14, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2017-010562

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 17, 2021**

Tanya Tecce ("Tanya") and Alessandro Tecce ("Alessandro"), (collectively "Appellants") appeal from the order of the trial court sustaining the preliminary objections of Joseph Tecce, Jr., ("Joseph"), Roseanna Giannone, ("Roseanna"), and Matthew Ferragame, ("Matthew"), (collectively "Appellees"). The court sustained the preliminary objections as to all counts and dismissed Appellants' amended complaint. We affirm in part and vacate in part.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Joseph P. Tecce, the Decedent, died testate on September 30, 2017,[1] and his June 2017 will was offered for probate. Appellants filed a petition in the orphans' court, in January 2018, contesting the will. They filed a separate Complaint in the trial court's civil division in November 2018. The Complaint alleged that Appellees had interfered with the Decedent's intent to provide monetary gifts or to include Tanya and her children[2] in the will. The orphans' court division stayed the will contest pending the resolution of Appellants' instant action in the trial court.

In September 2019, Appellants filed an amended complaint, which contained four counts: tortious interference with inheritance or gift; tortious interference with prospective relations; breach of fiduciary duty; and interference with third-party beneficiary designation. Appellees filed preliminarily objections in the nature of demurrer. They also asserted lack of capacity to sue and lack of subject matter jurisdiction.

Following a hearing, the court sustained Appellees' preliminary objections and dismissed the case, stating the parties might remain in litigation in the orphans' court division. This timely appeal followed.

Appellants raises four questions on appeal.

_____

[1] Tanya and Alessandro are the Decedent's daughter and grandson. Joseph is the Decedent's son. Roseanna is the Decedent's companion, and Matthew is her son.

[2] Originally the plaintiffs included Tanya's two minor sons; however, they declined to continue in the action after reaching the age of majority.

A. Did the trial court err when it granted [Appellees'] demurrer and dismissed count 1 of [Appellants'] amended complaint for tortious interference with inheritance and/or gift.

B. Did the trial court err when it granted [Appellees'] demurrer and dismissed count 1 of [Appellants'] amended complaint, despite [Appellants'] representation to the court at oral argument that [Appellants] possessed additional facts and requested the right to further amend their complaint with allegations sufficient to plead a cognizable claim for tortious interference with inheritance and/or gift.

C. Did the trial court err when it granted [Appellees'] demurrer and dismissed count 3 of [Appellants'] amended complaint for breach of fiduciary duty when the proper remedy to [Appellees'] preliminary objection was to transfer [Appellants'] claim to the orphans' court for further disposition.

D. The trial court err when it granted [Appellees'] demurrer and dismissed counts 1 and 2 of [Appellants'] amended complaint despite [Appellants'] amended complaint sufficiently pleading a cognizable claim for tortious interference by [Appellees] with the disposition of Decedent's non-probate assets, essentially holding that there is no remedy available to [Appellants] for intentional and tortious conduct under Pennsylvania jurisprudence.

Appellants' Br. at 9 (some capitalization omitted; questions reordered for ease of disposition).[3]

In their first issue, Appellants assert that the trial court erred when it decided that their claim sounded as a will contest and did not adequately plead a claim of tortious or intentional interference with an inheritance. Appellants argue that they are not attempting to invalidate the will, but rather are seeking compensatory relief for measurable damages for the tort of intentional

_____

[3] We note that Appellants do not contest the trial court's dismissal of their claim at count 4 for interference with third party beneficiary designation.

interference. ***See id.*** at 16. Appellants contend that their complaint validly set forth a cause of action for tortious interference with inheritance. ***See id.*** at 19-22.

The trial court offered two grounds for dismissing Appellants' claim of tortious interference of an inheritance. It first concluded that it lacked subject matter jurisdiction to hear Appellants' claim because of the pending will contest in the orphans' court division. However, a claim for tortious or intentional interference with an inheritance does not challenge the probated will. Rather, it claims that the defendant prevented the execution of a new will or codicil. ***See Cardenas v. Schober***, 783 A.2d 317, 326 (Pa.Super. 2001). Accordingly, we do not agree that the orphans' court has exclusive subject matter jurisdiction over this claim. ***See*** 20 Pa.C.S.A. § 711.

The trial court also concluded that the first amended complaint failed to allege sufficient facts to support a claim for tortious interference with an inheritance. It found that the complaint does not contain an averment of a communication between the Decedent and either Tanya or Alessandro delineating what either was supposed to receive if Decedent had changed the will. Further, the court noted that there is no averment that Decedent directed Joseph, Roseanna, or Matthew to contact an attorney or to create a document that would be considered either a new will or a codicil to the June 2017 will. Therefore, finding that Appellants did not adequately plead a claim for tortious or intentional interference with an inheritance, the court sustained Appellees' preliminary objection, and dismissed Appellants' claim.

Our standard of review for an order granting a preliminary objection in the nature of a demurrer is as follows: All material facts set forth in the pleading at issue as well as all inferences reasonably deductible therefrom are admitted as true. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. When reviewing a grant of demurrer, we are bound neither by the inferences drawn by the trial court, nor by its conclusions of law. Our scope of review is plenary.

*McNeil v. Jordan*, 814 A.2d 234, 238 (Pa.Super. 2002), *rev'd on other grounds*, 894 A.2d 1260 (Pa. 2006) (quoting *Cardenas*, 783 A.2d at 321); some citations omitted).

Our Supreme Court first recognized a cause of action for interference with expected inheritance in *Marshall v. De Haven*, 58 A. 141 (Pa. 1904). The elements of the tort are as follows: (1) the testator indicated an intent to change her will to provide a described benefit to the plaintiff; (2) the defendant used fraud, misrepresentation, or undue influence to prevent execution of the intended will; (3) the defendant was successful in preventing the execution of a new will; and (4) but for the defendant's conduct, the testator would have changed her will. *Cardenas*, 783 A.2d at 326 (citing *Marshall*, 58 A. at 141).

Subsequently, the Restatement (Second) of Torts defined a cause of action for intentional interference with an inheritance or gift as follows:

One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

Restatement of Torts (Second), § 774B. Although several states have adopted this cause of action, **Pennsylvania has not expanded the doctrine to include *inter vivos* transfers as contemplated by the Restatement**. "Thus, our law requires that to establish ground[s] for recovery under this cause of action, a plaintiff must demonstrate the decedent had sought to make

- 5 -

changes in [her] will to plaintiff's benefit, and that the defendant, through means of fraud, misrepresentation, or undue influence thwarted the decedent's intent." ***Hollywood v. First Nat. Bank of Palmerton***, 859 A.2d 472, 478 (Pa. Super. 2004).

***Fiedler v. Spencer***, 231 A.3d 831, 836–37 (Pa. Super. 2020), *appeal denied*, 241 A.3d 335 (Pa. 2020) (citation formatting amended, footnote omitted, emphasis added).

In ***McNeil***, this Court found that the plaintiffs failed to plead sufficient facts concerning the decedent's intent to change her will or actions taken to make the plaintiff a beneficiary. There, the plaintiff alleged in his complaint that the decedent expressed an intention to leave him an equal share of her estate if plaintiff established a positive relationship with her. It further alleged that the plaintiff did establish a positive relationship and the decedent decided to treat the plaintiff equally with his siblings in the will and took steps to do so but was impeded by the actions of the defendants. ***See McNeil***, 814 A.2d at 239. We found that the complaint's only assertion of the decedent's intent to change her will was the conditional statement that if her relationship improved, she would adjust her will. We held that "the conditional statement was not a sufficient statement of intent to support a valid expectancy on the part of [plaintiff]." ***Id.*** at 240. Finally, we found that the complaint failed to plead any other facts concerning the actions the decedent took to attempt to make the plaintiff a beneficiary equal to his siblings.

In ***Cardenas***, however, this Court found that the plaintiffs did allege sufficient facts to support their claim of tortious interference with an

inheritance. There, the plaintiffs averred that the decedent attempted to execute another will or codicil in order to make specific bequests to the plaintiffs, and that they could prove that the decedent authored documents indicating her intent to make such bequests. **See Cardenas**, 783 A.2d at 326. Specifically, the plaintiffs alleged that the decedent authored documents that were intended to be a new will or codicil and alleged that the decedent intended to leave plaintiffs $80,000. **See id.**

In the instant case, there are minimal averments in the complaint upon which to support a claim of tortious interference with an inheritance. In the complaint, Appellants aver that the Decedent requested that Appellees "'take care of Tanya, take care of Alex, take care of Johnners, take care of Joey, and take care of Ed, you promise?' 'How are we going to do this? Let's write checks.'" Amended Complaint, at ¶ 21(I). The complaint does not allege which Appellee was directed to do this. Appellants further aver that the "Decedent insisted [Appellees] call [Decedent's] financial advisor to discuss adding Tanya to his Estate and/or to provide gifts." **Id.** at ¶ 21(K). Once again, the complaint does not aver specifically which Appellee was directed to call Decedent's financial advisor.

We agree that, assuming as true the well pleaded facts of Appellants' first amended complaint and the reasonable inferences drawn therefrom, Appellants cannot sustain an action for tortious interference with an inheritance. The Decedent's statements alleged in paragraph 21(I) of the complaint, regarding taking care of Appellants by writing checks, does not

relate to a new will. It instead concerns the possibility of *inter vivos* transfers, and there is no cause of action in Pennsylvania for interference with such transfers. **See id.** at ¶ 21(I); **Fielder**, 231 A.3d at 837.

Although the statement alleged in paragraph 21(K) does concern discussing "adding" Appellants to Decedent's "estate and/or provid[ing] gifts," the statement as pleaded does not express a sufficiently definitive wish on Decedent's part to change the will to benefit Appellants. Rather, it suggests his desire to discuss ways of providing a benefit to Appellants but demonstrates indecision about whether to do so through a will change or lifetime gifts. It does not allege an intent to change his will to benefit Appellants. **See** Amended Complaint, at ¶ 21(K); **Fiedler**, 231 A.3d 836. Accordingly, we conclude that the trial court did not err when it sustained the preliminary objection in the nature of a demurrer and dismissed the count of tortious interference with inheritance.

In their next issue, Appellants claim that the trial court erred when it dismissed their complaint without permitting them to amend it. They argue that because the pleading could be cured by an amendment, the court's dismissal of the complaint was an abuse of discretion. **See** Appellants' Br. at 13-14.

"Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." **Werner v. Zazyczny**, 681 A.2d 1331, 1338 (Pa. 1996) (citation omitted).

In **Werner**, our Supreme Court held that a court is not required to "*sua sponte* order or require a party to amend his pleading" and "is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted." **Id.** (citation omitted).

Here, the trial court reasoned that Appellants did not formally request the right to file a second amended complaint. **See** Trial Ct. Op., at 7. Instead, during argument on the preliminary objections, Appellants suggested to the court that "if [the court] should believe that [Appellants'] complaints [do] not rise to the level required under the current case law for pleading the elements of an intentional interference with inheritance claim," they "would be more than happy to amend [the complaint] and include specific statements, specific foundational bases for their claim, including how much they were supposed to get." N.T. Argument, 9/8/20, at 29.

The court concluded that providing Appellants with additional time to file a second amended complaint would not have cured the defect in their complaint. The court stated that it did not dismiss Appellants' claim for tortious interference with an inheritance because of a lack of specificity, but rather dismissed the claim finding that "there is no cognizable recognition in the Pennsylvania Courts or Rules where there can be a claim filed in the civil division for the tortious interference with an inheritance where there is a probated will." Trial Ct. Op., 1/13/21, at 7-8.

We conclude that the trial court erred when it did not grant leave to amend after Appellants stated that they would be happy to amend the

- 9 -

complaint if the court thought that the complaint did not adequately plead intentional interference with an inheritance. Although we agree with the trial court that Pennsylvania does not recognize a claim for tortious interference with an inheritance with respect to gifts, as discussed, our case law does support a claim of intentional interference with an inheritance with respect to creation of a new will or codicil. Accordingly, we vacate the trial court's order sustaining Appellees' preliminary objection with respect to their claim of tortious or intentional interference with an inheritance, and remand to the trial court for Appellants to file a second amended complaint.

In their next issue, Appellants contend that the trial court erred when it dismissed their claim of breach of fiduciary duty. Appellants argue that the court improperly focused on whether Appellants could prove their claim because Appellants failed to attach a copy of the power of attorney at issue to their pleadings. They argue that it was improper for the trial court to consider the merits of the claim. Rather, they assert that the court should have transferred the claim to the orphans' court. **See** Appellants' Br. at 25.

In their amended complaint, Appellants aver that "Defendants, Joseph Tecce, Jr. and Matthey Ferragame, were the Decedent's attorney-in-fact [*sic*] under a power of attorney executed by the Decedent. Plaintiffs do not have possession of the power of attorney but Plaintiffs believe that said document exists." Amended Complaint at ¶ 19. The complaint also avers that "one, two or all Defendants acted as duly appointed power of attorney for Decedent during his lifetime and during the relevant period." **Id.** at ¶ 40. Appellants

aver that based on the power of attorney that they believe exists "Defendants stood in a fiduciary relationship to Decedent as duly appointed power of attorney" and "fail[ed] to act in the best interest and expectations of Decedent[.]" *Id.* at ¶¶ 41, 44; *see id.* at ¶ 42. Appellants also claim that Appellees failed to deal fairly with their claims as "intended beneficiaries of Decedent's estate." *Id.* at ¶ 45.

Matters pertaining to the exercise of powers of agents acting under powers of attorney fall within the mandatory jurisdiction of the orphans' court division of the court of common pleas. *See* 20 Pa.C.S.A. § 711(22); *see also* 20 Pa.C.S.A. §§ 711 (1) (orphans' court exercises jurisdiction over distribution of real and personal property of decedents' estates). Our Court has held that where the civil division lacks subject matter jurisdiction over a challenge to a probated will, it should transfer the case to the orphans' court division pursuant to 42 Pa.C.S.A. § 5103. *See In re Estate of Ciuccarelli*, 81 A.3d 953, 961 (Pa.Super. 2013) ("petitions over which one division lacks subject matter jurisdiction may not be dismissed when another division of the court properly may hear the case").

Appellants' allegations amount to assertions of breach of fiduciary duties owed to Decedent. Appellees agree that orphans' court has "mandatory and exclusive jurisdiction" over such claims. Appellees' Br. at 51. They dispute that "there is any cognizable claim for a breach of fiduciary duty remaining under a valid Power [of] Attorney," but fail to develop their argument. Appellees' Br. at 51. Therefore, we will vacate the court's order with respect to dismissal of

- 11 -

Appellants' claim of breach of fiduciary duty and remand this count to the Orphans' Court Division of the Court of Common Pleas of Delaware County.

In their final allegation of error, Appellants argue that the trial court erred when it dismissed their claim of tortious interference with prospective relations. They argue that in their amended complaint, they sufficiently pleaded a claim for tortious interference by Appellees in that their actions interfered with the disposition of Decedent's non-probate assets during the Decedent's lifetime. Appellants assert that the claim is "potentially more expansive and can be applied to include not just to testamentary matters, but to also include non-testamentary claims" based on actions that diminished the estate. Appellants' Br. at 26.

Appellees contend that the trial court properly sustained a demurrer as to the tortious interference with prospective relations claim. They argue that tortious interference with prospective relations is a business tort concerning a contract or business relationship and has not been recognized by Pennsylvania courts as a basis to seek damages for an interfered with *inter vivos* gift or beneficiary designation. **See** Appellees' Br. at 40-42.

> The requisite elements of a cause of action for interference with prospective contractual relations are as follows:
>
>> (1) a prospective contractual relationship;
>>
>> (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring;
>>
>> (3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual damage resulting from the defendant's conduct.

*Phillips v. Selig*, 959 A.2d 420, 428 (Pa.Super. 2008) (citation omitted).

Here, the trial court explained that "[t]here was no contractual or prospective contractual relationship between Appellants and Decedent that Appellees could have interfered with." Trial Ct. Op., at 20. The court further elaborated, "The fact that [] Decedent may have informed the parties that he wanted Appellants taken care of and that Appellees responded, 'You got it, Pop,' does not qualify as a contract or as prospective contract." *Id.*

We conclude that the trial court did not err in dismissing Appellants' claim. Appellants have provided no authority in support of their expansion of the tort of interference with prospective contractual relations to include alleged interference with prospective *inter vivos* gifts.[4] Moreover, even if we were to construe the tort more liberally, we agree with the trial court that Appellants failed to plead that there was a prospective contractual relationship between the Decedent and Appellants, which relationship Appellees impeded in an attempt to harm Appellants. *See Phillips*, 959 A.2d at 428. Therefore, the trial court did not err in sustaining Appellees' preliminary objections and dismissing this count.

---

[4] We agree with the trial court that Appellants limited their issue to non-probate assets. However, even if Appellants had expanded their claim, we have similarly found no example of a court applying the tort of interference with prospective contractual relations to a decedent's testamentary intent.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/17/2021*