J-A04039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLEN L. FEINGOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATIONWIDE MUTUAL INSURANCE | : | No. 1433 EDA 2023 |
| COMPANY | : | |

Appeal from the Order Entered April 26, 2023
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2023-01526

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 3, 2024**

Allen L. Feingold appeals from the order sustaining Nationwide Mutual Insurance Company's ("Nationwide") preliminary objections to Feingold's amended complaint, resulting in its dismissal. On appeal, Feingold singularly suggests that, given Nationwide's alleged actions, the lower court abused its discretion and erred as a matter of law in dismissing his complaint. We find no merit to Feingold's contention and therefore affirm.

Briefly, as recounted by the lower court:

This matter stems from a pre-disbarment agreement between [Feingold] and a client.[1] [Feingold] in his [a]mended [c]omplaint averred that sometime during 2006, he and the purported client

_____

* Retired Senior Judge assigned to the Superior Court.

[1] As discussed in greater detail **infra**, Feingold was suspended from the practice of law in 2006 and disbarred in 2008.

agreed that [Feingold] would represent the client in connection with her claim to recover personal injury damages allegedly sustained in a motor vehicle accident. The client supposedly stipulated to a contingency fee agreement, in which [Feingold] would receive thirty-five … percent of any settlement or verdict. The client's case proceeded with [Feingold's] firm as counsel, but prior to the disposition of the case, in 2009, the client obtained new counsel. This [fact] is made clear by a review of the underlying action, in which [Feingold's] wife Dora Garcia, Esquire, who was also affiliated with [Feingold's] firm, withdrew her appearance on behalf of the client on January 16, 2008. Ms. Garcia was suspended from the Pennsylvania Bar for more than fifteen months in 2007 and was specifically ordered to abstain from facilitating or assisting [Feingold] in the unauthorized practice of law. It is noteworthy that [Feingold] never entered his appearance in this matter.

More than a decade later, [Feingold] reportedly became aware that the client's claims had been settled. Shortly thereafter, on January 27, 2023, [Feingold] filed a complaint against [Nationwide], stating four causes of action: (1) fraud, (2) negligent misrepresentation, (3) breach of contract, and (4) conversion. The crux of [Feingold's] argument is that he has a lien upon the settlement of the client's claim based on the previously mentioned contingency fee agreement and that [Nationwide] had stated it would honor such lien when distributing the funds from the settlement.

Trial Court Opinion, 7/17/23, at 1-2 (citations omitted).

After Feingold filed his complaint,

[Nationwide] filed [p]reliminary [o]bjections and on March 2, 2023, [Feingold] responded by filing an [a]mended [c]omplaint almost identical to the original. In response, on March 7, 2023, [Nationwide] once again filed [p]reliminary [o]bjections, arguing among other things, that the [a]mended [c]omplaint should be dismissed because [Feingold] lacked standing to sue [Nationwide] as there is "no contractual, insurance, or legal relationship between the parties" and that [Feingold] failed to join a necessary party, the attorney who settled the client's claim. On April 26, 2023, [the lower court] … sustained [Nationwide's] [p]reliminary [o]bjections and dismissed [Feingold's] [a]mended [c]omplaint.

*Id*., at 2.

Thereafter, Feingold filed a timely notice of appeal and complied with his obligations under Pennsylvania Rule of Appellate Procedure 1925(b). As such, we proceed to review the sole issue Feingold has raised in this appeal:

1. Did the trial court abuse its discretion/err as a matter of law in dismissing his complaint where Nationwide voluntarily assumed the duty to act as custodian of the lien-attached settlement funds and distributed said funds in a negligent fashion?

Appellant's Brief, at 3.

The lower court found dismissal of Feingold's amended complaint to be warranted because Feingold lacked standing to sue Nationwide, the complaint failed to join at least one necessary party, and the claims asserted therein were legally insufficient. **See** Trial Court Opinion, 7/17/23, at 3-4 (invoking Pa.R.Civ.P. 1028(a)(1) (lack of jurisdiction), (4) (legal insufficiency of a pleading), and (5) (lack of capacity to sue/nonjoinder of a necessary party) as bases for sustaining Nationwide's preliminary objections). Specifically on the question of standing, the court determined that Feingold "failed to establish in any material aspects, that there exists any form of legal relationship between [himself] and [Nationwide]." Trial Court Opinion, 7/17/23, at 3.

We apply a *de novo* standard of review when reviewing a ruling on preliminary objections, and the question before this Court in such cases is whether the trial court committed an error of law. **See Godlove v. Humes**,

- 3 -

303 A.3d 477, 480 (Pa. Super. 2023); *Fiedler v. Spencer*, 231 A.3d 831, 835 (Pa. Super. 2020). "When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." *Godlove*, 303 A.3d at 481 (quoting *Fiedler*, 231 A.3d at 835). "When sustaining the preliminary objections will result in the denial of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt." *Godlove*, 303 A.3d at 481; *see also Hill v. Ofalt*, 85 A.3d 540, 547-548 (Pa. Super. 2014).

It is well settled that "[a] party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action." *Nye v. Erie Ins. Exchange*, 470 A.2d 98, 100 (Pa. 1983).

> [T]he doctrine of standing is a prudential, judicially[-]created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*In re Nadzam*, 203 A.3d 215, 220-21 (Pa. Super. 2019) (quoting *Rellick-*

*Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016)) (emphasis omitted);
*see also C.G. v. J.H.*, 172 A.3d 43, 54 (Pa. Super. 2017) ("Because standing goes to a party's capacity to sue, a standing objection is properly raised by an objection under Rule 1028(a)(5).") (citation omitted)).

Feingold's amended complaint avers that he "notified Nationwide that he had a lien on the proceeds of any settlement, verdict and/or award of [the client's] personal injury case and that no checks should be issued in payment of her case without naming [Feingold] as a payee on said checks." Amended Complaint, ¶ 10. The complaint also indicates that "[Nationwide] pledged that [Feingold] would be listed as a payee on any settlement check issued in settlement, verdict and/or award of [the client's] claim." *Id*., ¶ 11. However, "[i]n or about 2010, unbeknownst to [Feingold], and in violation of its agreement and understanding with [Feingold], it is believed that … [Nationwide] settled [the client's] case and Nationwide issued a check in settlement of the claim which did not recite [Feingold] as a payee." *Id*., ¶ 12. Feingold now seeks his "outstanding counsel fees[.]" *Id*., ¶ 15.[2]

_____

[2] As further background, in his brief, Feingold asserts that "Nationwide was at all times aware that [he] had been discharged by [the client] and that [he] was looking to the proceeds of the settlement of their claim for payment of his counsel fee and reimbursement of his costs." Appellant's Brief, at 12. Feingold then reiterates that he "relied on Nationwide's written agreement to protect his fee from the proceeds of any settlement of the … claim and refrained from further efforts to enforce his claim." *Id*. In particular, "Nationwide did agree, in writing, to protect [Feingold's] fee. It took for itself the obligation of fiduciary to act as distributor to the settlement funds and protector of the competing interest." *Id*.

The amended complaint asserts four causes of action: fraud, negligent misrepresentation, breach of contract, and conversion. *See generally id*. All four counts are predicated on an alleged attorney's lien that is attached to Feingold's former client's settlement amount. *See, e.g.*, *id*., ¶ 18 ("At all times material hereto, [Nationwide] knew that [Feingold] had a lien upon the settlement that [Nationwide] effected with regard to [the client's] claim.").

This Court has found that "an attorney is entitled to no compensation whatever, if he is discharged because of his own wrongful acts." *Lampl v. Latkanich*, 231 A.2d 890, 891, 894 (Pa. Super. 1967) (citation omitted) (affirming a judgment for "legal services rendered[]" where there was no "sufficient credible testimony" that a "summarily discharged" attorney engaged in misconduct). While "no Pennsylvania court has spoken directly on whether a disbarred or suspended attorney is entitled to recover a portion of a contingency fee from a former client for services rendered prior to disbarment," *Pearson v. Tanner*, 870 F.Supp.2d 380, 384 (E.D. Pa. 2012), the United States District Court for the Eastern District of Pennsylvania has held that "an attorney is not entitled to compensation from a former client in a contingency-fee case in which he terminated his representation prematurely due to disbarment or suspension from the practice of law." *Feingold v. Graff*,

2012 WL 2400998 at * 3 (E.D. Pa. June 26, 2012) (citations omitted).[3]

Specifically, "[t]he attorney's disbarment constitutes a material breach of contract with the client, and the attorney is not entitled to recovery for services rendered." *Id*. (citation omitted).

Although it is not controlling, we find that *Feingold v. Graff* is persuasive and adopt the rule stated therein as our own. Here, as explained by this Court in a prior case,

> In 2006, [Feingold] was suspended from the practice of law for five years for several acts of misconduct which included: allowing a client to give false testimony, filing frivolous claims of fraud and civil conspiracy against opposing counsel, and assaulting a judge who ruled against [Feingold's] client in an arbitration hearing. After [Feingold] failed to notify his clients of this disciplinary action and continued practicing law while suspended, [he] was disbarred by our Supreme Court on August 22, 2008. *See Office of Disciplinary Counsel v. Feingold*, 93 DB 2003; 92 DB 2005; Nos. 1093 and 1161 Disciplinary Docket No. 3.

*Feingold v. Hendrzak*, 15 A.3d 937, 939 n.1 (Pa. Super. 2011).

Based on the documents attached to the amended complaint, Feingold's former client's "date of loss" occurred on January 2, 2006, and she signed the contingency-fee agreement on January 4, 2006. *See generally* Amended

---

[3] Feingold was also the plaintiff in this federal case as well as in *Pearson*. In *Feingold v. Graff*, Feingold sought "legal fees" from a former client, alleging that he had performed workers' compensation work on the former client's behalf. 2012 WL 2400998 at * 1. Ultimately, in adopting the underpinnings of *Pearson*, the court found Feingold entitled to no compensation from a former client, as Feingold materially breached the contingency-fee agreement simply by becoming disbarred. *See id*., at * 3.

Complaint, Unnumbered Exhibits. The client appears to have settled her case in or around September 2009. **See id**. (letter from Nationwide to "David Sherman, Esquire[,]" which states that the client's release had been executed); **see also** Trial Court Opinion, 7/23/23, at 1 (following its "review of the underlying action," the court noted that "[t]he client's case proceeded with [Feingold's] firm as counsel, but prior to the disposition of the case, in 2009, the client obtained new counsel[]")

When Feingold was disbarred in 2008, he committed a "wrongful act" and materially breached his contract with the plaintiff in the underlying matter. **See Lampl**, 231 A.2d at 894.[4] In effect, he relinquished all rights that he may have had stemming from that contingency-fee agreement, and in particular, he was no longer able to collect any compensation under that agreement. Notwithstanding the fact that Feingold has filed the present action against Nationwide, the entity purported to have distributed the client's

_____

[4] In **In re Thorpe**, 755 Fed. Appx. 177 (3rd. Cir. 2018), the United States Court of the Appeals for the Third Circuit questioned whether under Pennsylvania law an attorney who negotiated a settlement for his clients while administratively suspended for failing to comply with continuing legal education requirements could recover in quantum meruit from his clients for a portion of the settlement amount. **See id.**, at 180 ("But is missing one CLE credit a 'wrongful act' for equitable purposes? Is that focus too rigid or can it be more practical?"). The court in that matter ultimately concluded that the suspended attorney could bring such a claim. **See id.**, at 183. We need not answer the question posed in **Thorpe** and simply hold, based upon the facts of the present case, that an attorney who is disbarred as a result of his misconduct prior to a settlement in favor of one of his former clients may not recover any portion of the settlement proceeds based upon the contingency-fee agreement with that client.

settlement instead of him directly suing a former client, all of his claims require that a valid fee agreement was in effect at the time of settlement to provide him with any basis for relief. As Feingold is foreclosed from obtaining compensation pursuant to a contingency-fee agreement where he was disbarred prior to the settlement of the claim in the underlying litigation, he has not been "aggrieved" for standing purposes and therefore did not have the ability to bring the present action in the lower court. **See** Pa.R.Civ.P. 1028(a)(5).

Consequently, although our rationale is distinct from that of the trial court, we conclude that the court correctly sustained Nationwide's preliminary objection to standing and dismissed Feingold's amended complaint. ***See Generation Mortgage Co. v. Nguyen***, 138 A.3d 646, 651 n.4 (Pa. Super. 2016) (holding that we may affirm a lower court's decision if there exists any proper basis to do so on the record); ***accord In re Estate of Rood***, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015). We therefore affirm the lower court's order.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/03/2024</u>